WILLIAM E. STICKEL v. J. C. BENDER.

1. EVIDENCE, *No Error in Rejecting.* In an action between S. and B., S. claimed that B. fraudulently procured the title to a certain piece of land while acting as his agent. In order to prove the fraud of B., S. offered the testimony of witnesses to prove the oral and written statements of the original owner of the land made after the conveyance of the land to B., but not made in his presence or hearing. *Held,* That the court committed no error in rejecting the evidence.

2. JURY; *Findings; Refusal of Instruction, Not Error.* In an action in the nature of a suit in equity, the court in its discretion submitted two questions of fact for the jury to answer, and subsequently upon the findings of the jury and all the evidence in the case, rendered judgment for the defendant. *Held,* That the plaintiff was not prejudiced by the refusal of the court to instruct the jury upon matters of law applicable to the whole case, but which would not have aided the jury in deciding the particular questions of fact submitted to them.

*Error from Dickinson District Court.*

ACTION by *Stickel* against *Bender,* to recover certain real estate. Judgment for the defendant, at the May Term, 1885. The plaintiff brings the case here. The opinion states the material facts.

*C. C. Bitting jr.,* for plaintiff in error.

*John H. Mahan,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action brought by William E. Stickel against J. C. Bender for the recovery of certain real estate, the title to which Stickel claimed that Bender acquired fraudulently, while acting as his agent. In 1884, Stickel had possession of one hundred and sixty acres of land in Lincoln county, in this state, under a land contract upon which he had paid four hundred dollars and upon which there was remaining due, as purchase-money, twelve hundred dollars. This land had been purchased by Bender for Stickel from D. Crawford, of Kansas City, Missouri, at ten dollars an acre. In

July, 1884, the land in Lincoln county was placed in the hands of Bender for sale. About July 26, 1884, the land was exchanged by Bender to William E. Starr for lots eleven and twelve in block twenty-nine of Keeny and Hodges' addition to Abilene; and upon that day Starr and wife executed to Stickel a warranty deed therefor. About the same time William E. Starr and wife executed to Bender the conveyance of lots ninety-three and ninety-five, on Spruce street in Abilene. Stickel claims that Bender received these lots as part consideration for the Lincoln county farm; that he fraudulently obtained the title in his own name; and that subsequently the lots were disposed of by Bender for certain other real estate, situated in the county of Dickinson. Bender claims that lots ninety-three and ninety-five were no part of the trade for the Lincoln county land; that the lots were deeded by Starr and wife to him by way of a mortgage to secure a debt of one hundred and fifty dollars which Starr owed Bender; and that the rest of the property, or the proceeds thereof, were to be applied by Bender to the payment of installments upon the land which Starr obtained from Stickel.

Upon the trial the court submitted the following issues of fact to the jury:

"Did the defendant, J. C. Bender, take the title to lots ninety-three and ninety-five, on Spruce street, in Southwick & Augustine's addition, as part of the consideration for the plaintiff's land, in fraud of the plaintiff's rights? No. Or, did he take the title to said property as security for a debt due to him from Starr in part and the remainder in trust for the use of Starr to be applied to the deferred payments on the Lincoln county land? Yes."

Upon the special findings of the jury and the evidence introduced in the case, the court found the issues for the defendant, and rendered judgment accordingly. Of this complaint is made. It is urged as error, that the trial court improperly refused to permit Stickel to prove the declarations of Starr concerning the ownership of lots ninety-three and ninety-five. These declarations were made by Starr after the conveyance to Bender, and were not in his presence or hearing. If it was

intended to prove by these declarations that Starr is the equitable owner of the lots, the evidence was immaterial. The jury found that the title to the lots was only held by Bender for security. If it was intended to show by the declarations of Starr that Bender procured the conveyance of the lots to himself fraudulently, then the evidence was incompetent and properly excluded. After the execution and delivery of the deed, Starr's statements made in the absence of Bender and without his knowledge would not affect or bind him. (*Crust v. Evans*, ante, p. 263.) Starr's deposition might have been taken if his statements of the transactions with Bender were favorable to the claim of Stickel.

We do not think that the plaintiff was prejudiced by the instructions. Only two issues of fact were submitted to the jury. The jury were not required to render a general verdict, and the only matters for their consideration was the evidence upon the issues of fact submitted. Upon these matters they were required to pass upon the credibility of the witnesses, and to answer the questions yes, or no. The instructions refused would not have aided the jury in deciding the questions of fact presented to them : the same might be said of some of the instructions given. The court submitted these questions to the jury as a matter of advice, and after all the evidence had been introduced, made a general finding for Bender. There is sufficient evidence in the record to sustain the findings and judgment of the trial court; and although much of the evidence is conflicting, this court will not interfere, even if the testimony preponderates against the findings.

The judgment of the district court must be affirmed.

All the Justices concurring.